<u>NOT FOR PUBLICATION</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

---

TYASHON COMBS,

                Petitioner

v.

UNITED STATES OF AMERICA,

                Respondent

Civ. No. 23-842 (RMB)

**OPINION**

---

**RENÈE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon Petitioner Tyashon Combs' ("Petitioner") *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("2255 motion") (Dkt. No. 1), Petitioner's status report (Status Report, Dkt. No. 2), and Respondent's response to Petitioner's letter. (Response to Status Report, Dkt. No. 6).[1]  For the reasons discussed below, the Court will construe Petitioner's 2255 motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence. The Court will deny the § 2241 habeas petition.

In his 2255 motion and subsequent status report, Petitioner explained that he

---

[1] In his letter, Petitioner asserted that he should immediately be taken into federal custody to begin service of his federal sentence, which was imposed to run consecutively to a state sentence that was subsequently dismissed.  (Dkt. No. 2.)  In an Order dated November 29, 2023, this Court directed Respondent to respond to the factual allegations in Petitioner's letter.  (Order, Dkt. No. 3.)

1

had recently discovered an error in his sentencing. His federal sentence was imposed to run consecutively to his state sentence in Case No. 18002833 ("State Case #18-2833.") According to Petitioner, this case had been dismissed. Therefore, Petitioner asserted he should now be serving a concurrent federal sentence with another state sentence. (2255 Mot., Dkt. No. 1 at 4.) Specifically, Petitioner alleged:

> I am incarcerated in Bayside State Prison under a case serving 8 ½ years Case # 18-06-01514-I and I was sentenced 04-12-2019[.] I have been incarcerated since 9-30-18 on state case 18002833 of which was dismissed by the state on 12-06-19 and picked up by feds on 12-19-18[.]
>
> . . .
>
> On August 14, 2019 I received a plea agreement from the AUSA stating on Page 5 Line 8 that my federal is to run consecutive to any sentence imposed by state under Case # 18002833.
>
> . . .
>
> My attorney was ineffective because he didn't object to the plea agreement and if [he/she] had paid attention then my sentence would be r[u]n concurrent.

(2255 Mot., Grounds One – Three, Dkt. No. 1.) Petitioner seeks relief of immediate transfer to federal custody to serve his federal sentence concurrently with his state sentence, and for prior custody credit against his federal sentence from the time of his federal arrest. (Status Report, Dkt. No. 2.)

When a prisoner challenges the manner in which his federal sentence is executed, jurisdiction is proper under 28 U.S.C. § 2241. *See, e.g., Barden v. Keohane,*

921 F.2d 476, 479 (3d Cir. 1990) (finding habeas jurisdiction under § 2241 where the Bureau of Prison's failure to consider relief from possible mistake in designation of state prison as place of the petitioner's federal confinement posed potential for a serious miscarriage of justice.")

## I. BACKGROUND

### A. State Case #18-2833

On or about April 25, 2018, Petitioner was charged in Camden County, New Jersey Superior Court with attempted aggravated assault and other related charges involving a shooting. (State Case #18-2833). Petitioner was released from state custody on pretrial conditions on May 4, 2018. (Respt's Ex. A, Dkt. No. 6-1.)

### B. State Case #18-7005 and Federal Case

On September 30, 2018, Petitioner was arrested by Camden police officers for illegal gun possession. (Respt's Ex. B, Dkt. No. 6-2.) When he was arrested, he was on pretrial release for State Case #18-2833. On October 1, 2018, in State Case #18-7005, Petitioner was charged by state prosecutors with weapons charges related to his September 30, 2018 arrest. (*Id.*) On November 28, 2018, however, the Government adopted the state weapons case for federal prosecution and indicted Petitioner on the same underlying conduct. (*U.S. v. Combs*, 18-709(RMB) (D.N.D.) ("*United States v. Combs*") Dkt. No. 1.) Therefore, on December 6, 2018, the State of New Jersey dismissed its charges without indictment in State Case #18-7005. (Respt's Ex. B, Dkt. No. 6-2.)

Petitioner entered a guilty plea in State Case #18-2833 on March 18, 2019, agreeing to serve a sentence consecutive to the Federal Case. (Respt's Ex. A, Dkt. No. 6-1.) On April 12, 2019, in State Case #18-2833, Petitioner was sentenced to an 8 1/2-year term of imprisonment. (*Id.*) Subsequently, on October 25, 2019, Petitioner entered a guilty plea to a one-count indictment in federal court, charging him with illegal gun possession in violation of 18 U.S.C. § 922(g)(1), for the same underlying conduct of State Case #18-7005. (Respt's Ex. C, Dkt. No. 6-3.) Schedule A of the Plea Agreement indicates that the federal sentence would run consecutively to State Case #18-2833. (*Id.* at 6-7.) Petitioner acknowledged his understanding of Schedule A at the plea hearing. (Respt's Ex. D, Dkt. No. 6-4 at 6.) On April 8, 2022, this Court sentenced Petitioner to a 78 month term of imprisonment followed by a term of supervised release. (Respt's Ex. E, Dkt. No. 6-5 at 3.) At sentencing, Petitioner and his attorney advised this Court that Petitioner had at least three more years to serve on his state sentence before he could begin serving his federal sentence. (Respt's Ex. F, Dkt. No. 6-6 at 16-17.) This Court imposed the federal sentence to run consecutively to Petitioner's imprisonment under any previous state or federal offense. (Respt's Ex. E, Dkt. No. 6-5 at 3.)

C. Analysis

Petitioner has confused State Case #18-2833 with State Case #18-7005. State Case #18-2833, the attempted aggravated assault case, was not taken over by federal prosecution and has not been dismissed. The Government took over prosecution of State Case #18-7005, the weapons charge. Thus, Petitioner is serving the 8 ½ year

sentence imposed in State Case #18-2833, and he has not begun to serve his consecutive federal sentence. The execution of his sentence is not in error.

### IV.   CONCLUSION

For the reasons discussed above, the Court has construed Petitioner's 2255 motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his federal sentence and seeking immediate placement in federal custody for service of his federal sentence. The habeas petition is denied because Petitioner continues to serve the sentence imposed in State Case #18-2833, and his federal sentence is consecutive to that sentence.

An appropriate Order follows.

**Dated:  April 30, 2024**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**
